IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ILLENE WALKER, individually and as personal representative for the ESTATE OF JASON YATES, deceased,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, and ANNE LINDERMAN, individually and in her official capacity under color of state law; and TERI O'DONNELL, individually and in her official capacity under color of state law; and PROFESSIONAL REGISTRY OF NURSING, INC, a Washington corporation;<br><br>Defendants. | No.<br><br>COMPLAINT FOR DAMAGES<br><br>JURY DEMAND |

COMPLAINT FOR DAMAGES - 1

COMES NOW the Plaintiff, Illene Walker, individually and on behalf of the Estate of Jason Yates, Deceased, by and through her attorney, and allege to the court as follows:

## 1. PLAINTIFF

1. Illene Walker (herein referred to as "Plaintiff") is, at all times material hereto, a resident of Pierce County, Washington. Plaintiff is the mother and legal guardian of Jason Yates, deceased, and has been appointed the Personal Representative of his estate in Pierce County Cause No. 99-4-01075-5. Plaintiff found her son, Jason, dead in his bed immediately after a time when he was under the care, custody and control of Anne Linderman.

2. Jason Yates (herein referred to as "Jason"), was an unmarried adult man, legally incompetent as defined by RCW 7.70.065 due to profound autism, who choked to death in Plaintiff's home in Pierce County, Washington, while in the care, custody and control of Anne Linderman. His Estate brings claims through his surviving mother and duly appointed Personal Representative, Illene Walker.

## 2. DEFENDANTS

3. Defendant State of Washington Department of Social and Health Services (herein referred to as "DSHS") is an agency of the State of Washington. Among other things, DSHS is charged with and responsible to assess the need for and to provide appropriate services and service providers for disabled persons within the State of Washington, including Jason. DSHS is also charged with and responsible for developing and implementing individual support plans ("ISP") for such persons and to monitor the provision of services under such plans, complying with statutes, administrative code provisions and legal and professional standards for the care and support of disabled persons. DSHS operates, staffs

COMPLAINT FOR DAMAGES - 2

and supervises the Developmental Disabilities Administration which provided services to Jason prior to his death. DSHS receives matching funding from the United States Government programs to provide such services to disabled clients.

4. Defendant Anne Linderman (herein referred to as "Linderman") is a resident of Pierce County, Washington. At all times material hereto, Defendant, Linderman, is and was a resident of the State of Washington. Linderman is a home care services provider licensed and employed by the State of Washington and placed in home care positions by the "Home Care Referral Registry". Linderman was the home health care provider to and for Jason Yates at all times material hereto and had a duty to provide safe and appropriate care to him. Linderman is a state actor for purposes of 42 USC 1983 and was acting under color of state law at all times material hereto on behalf of DSHS.

5. In her role as caretaker of Jason and employee for DSHS, Linderman had direct personal participation in the deprivation of Plaintiff's and Jason's constitutional rights, or set in motion a series of acts by others which she knew or reasonably should have known would cause others to violate the constitutional rights of Plaintiff and Jason.

6. Defendant Professional Registry of Nursing, Inc. (herein referred to as "the Registry") is a Washington corporation doing business in Pierce County, Washington, as the "Washington State Home Care Referral Registry – Pierce Service Area". The Registry is in the business of recruiting, training, referring and placing home care service providers to disabled persons residing in Pierce County under contract and in concert with DSHS. The Registry proposed Linderman on two occasions to Plaintiff as an appropriate home care

COMPLAINT FOR DAMAGES - 3

provider for Jason. The Registry is a state actor for purposes of 42 USC 1983 and was acting under color of law at all times material hereto.

7. In its role for the selection, training, evaluation and assignment of home care services providers for DSHS, The Registry had direct personal participation in the deprivation of Plaintiff's and Jason's constitutional rights, or set in motion a series of acts by others which it knew or reasonably should have known would cause others to violate the constitutional rights of Plaintiff and Jason.

8. Defendant Teri O'Donnell (herein referred to as "O'Donnell") is a resident of Pierce County, Washington. At all times material hereto, O'Donnell is and was a resident of the State of Washington. O'Donnell was the assigned Developmental Disabilities Administration primary case manager for Jason. O'Donnell was responsible for and had a duty to assess and determine Jason's needs and to reassess those need annually or as needed, to develop an ISP for Jason and to monitor that services were provided to him according to the ISP. O' Donnell is a state actor for purposes of 42 USC 1983 and was acting under color of state law at all times material hereto on behalf of DSHS.

9. In her role as case manager of Jason and employee for DSHS, O'Donnell had direct personal participation in the deprivation of Plaintiff's and Jason's constitutional rights, or set in motion a series of acts by others which she knew or reasonably should have known would cause others to violate the constitutional rights of Plaintiff and Jason.

### 3. VENUE & JURISDICTION

10. This court has jurisdiction of this matter pursuant to 28 USC 1331 and 28 USC 1367.

COMPLAINT FOR DAMAGES - 4

BURKE LAW OFFICES, INC. PS
612 SOUTH 227TH STREET
DES MOINES, WASHINGTON 98198

(206) 824-5630
Fax: (206) 824-9096

11. Venue in this matter is properly in the Western District of Washington pursuant to 28 USC 1391 because Defendants Linderman and O'Donnell reside in this judicial district, the Registry and DSHS have offices and conduct their business within this judicial district and the acts and omissions giving rise to this claim occurred in Pierce County, Washington, within the Western District of Washington.

## 4. STATEMENT OF THE CASE

12. This action for violation of civil rights under color of state law, personal injury and wrongful death arises out of an incident that occurred on or about March 7, 2013 in Pierce County, Washington.

13. Jason was a legally incompetent person as defined by RCW 7.70.065. The Plaintiff, Illene Walker, was the natural mother and the court appointed guardian of the person and estate of Jason. He was a 31 year old man who had suffered from profound autism since birth which rendered him developmentally disabled. Despite his apparent age, he functioned at approximately the level of a three year old. He had no speech skills and was incontinent. His behavior deficits included lack of impulse control around eating and he was well-known to fill his mouth with food so quickly that he could not swallow or breathe. His behavior, when left unmonitored, caused him to choke.

14. DSHS was responsible for providing care, services and support to Jason as developmentally disabled person.

15. There were several documented responses from the Pierce County Fire and Rescue for such incidences in the past. The Decedent's behavior and tendencies were not new and unusual to anyone who cared for him.

COMPLAINT FOR DAMAGES - 5

16.     Linderman was the Decedent's caregiver several times prior to March 7, 2013. She was a paid caregiver and a licensed nursing assistant who had been assisting Plaintiff with Jason's care since November of 2012. Twice a week, she provided respite services for the Jason's mother, Plaintiff Illene Walker, who was his regular care giver. Linderman was familiar with the Decedent's morning routine and his needs. As a licensed nursing assistant, she is required to be competent in CPR and able to perform CPR independently. *WAC 246-841-400.*

17.     On the morning of March 7, 2013, Linderman admitted giving Jason his regular medication with some food at approximately 0900 hours. When Plaintiff returned unexpectedly at 1100 hours, Linderman came in from outside as Plaintiff was entering. Linderman stated to the Plaintiff that she was watching the birds. When the Plaintiff went to check on Jason in his upstairs bedroom, she found him unconscious, lying on his bed in his room with his arm exposed and showing a blue color. Jason was not breathing and was cold to the touch. The Plaintiff started CPR immediately and spoke with the 911 emergency operator to request assistance. According to the incident report, when Pierce County Fire & Rescue arrived on the scene and began CPR at 1115 hours, Jason's airway was completed obstructed with food and pills and had to be cleared in order to begin CPR. Despite the efforts of the fire crew to resuscitate the Jason, he was officially pronounced dead at approximately 1130 hours.

18.     Linderman failed to adequately monitor Jason after giving him medication with food to be sure that he had swallowed it. Linderman failed to provide medical

COMPLAINT FOR DAMAGES - 6

BURKE LAW OFFICES, INC. PS
612 SOUTH 227TH STREET
DES MOINES, WASHINGTON 98198

(206) 824-5630
Fax: (206) 824-9096

assistance and care to Jason as needed, including failure to clear his airway and provide CPR services. Linderman also failed to summon emergency medical services to assist Jason.

19. The acts and omissions of Linderman complained of herein were a breach of the accepted standard of care for in-home care providers to profoundly disabled persons.

20. O'Donnell was the case manager assigned to Jason by the Developmental Disabilities Administration. She did not develop, produce, and monitor a 2012-2013 service plan for Jason to address the fact that he had significant adverse history about eating behaviors and choking episodes. O'Donnell did not provide appropriate orientation, instruction and supervision to Linderman regarding the high risk of choking and the fact that Jason required close and constant monitoring while eating and with administration of oral medications.

21. The Registry was responsible to train and screen Linderman as an appropriate care giver for Jason. The Registry submitted Linderman's name to Plaintiff on two occasions as a suitable person to give care to Jason. The Registry did not disclose to Plaintiff that Linderman had been accused of neglect and abuse of a prior client. Plaintiff would not have accepted Linderman to care for Jason if that information had been disclosed.

22. Plaintiff duly filed a tort claim with the State of Washington for the injuries and damages herein on November 7, 2013. That claim was rejected by the State of Washington on November 22, 2013.

### 5. OTHER LAWSUITS

23. Plaintiff has not begun or filed any other litigation in state or federal courts dealing with the same facts involved in this action.

COMPLAINT FOR DAMAGES - 7

## 6. FIRST CAUSE OF ACTION: VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW.

24. Plaintiff is the natural mother and parent of Jason. Parents have a constitutionally protected liberty interest under the Fourteenth Amendment in the companionship and society of their children. These rights are long-standing and were clearly established at all times relevant hereto.

25. The acts and omissions of the Defendants, and each of them, herein are more than ordinary negligence under the circumstances, amounting to deliberate or reckless indifference and shock the conscience. Defendants have violated the Plaintiff's substantive constitutional right to due process under the Fourteenth Amendment.

26. The acts and omissions of the Defendants, and each of them, are a violation of Plaintiff's constitutional rights and privileges under color of state law, contrary to 42 USC 1983. Plaintiff has been damaged by the wrongful acts and omissions of the Defendants.

## 7. SECOND CAUSE OF ACTION: VIOLATION OF CHILD'S CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW.

27. Plaintiff is the natural mother and parent of Jason. Children have a constitutionally protected liberty interest under the Fourteenth Amendment in the companionship and society of their parent. These rights are long-standing and were clearly established at all times relevant hereto.

28. The acts and omissions of the Defendants, and each of them, herein are more than ordinary negligence under the circumstances, amounting to deliberate or reckless

COMPLAINT FOR DAMAGES - 8

indifference and shock the conscience. Defendants have violated the Jason's substantive constitutional right to due process under the Fourteenth Amendment.

29. The acts and omissions of the Defendants, and each of them, are a violation of Jason's constitutional rights and privileges under color of state law, contrary to 42 USC 1983. Jason was damaged by the wrongful acts and omissions of the Defendants.

## 8. THIRD CAUSE OF ACTION: VIOLATION OF JASON'S CONSTITUTIONAL RIGHTS TO SAFE CARE UNDER COLOR OF STATE LAW.

30. Although over the age of 18 years, Jason was totally disabled due to his profound autism, functioning at a 3 year old level and receiving DSHS support and care services. The Defendants were aware, or reasonably should have been aware of Jason's special needs and requirements for care. DSHS reviewed and approved the adequacy of in-home care for Jason and trained, licensed and provided caregivers to assist in his care. Disabled persons in state care have a special relationship with the State creating a constitutionally protected liberty interest under the Fourteenth Amendment to be free from physical harm and to receive adequate care and treatment from the State and its agencies. These rights are long-standing and were clearly established at all times relevant hereto.

31. The acts and omissions of the Defendants, and each of them, herein are more than ordinary negligence under the circumstances, amounting to deliberate or reckless indifference and shock the conscience. Defendants have violated the Jason's substantive constitutional right to due process under the Fourteenth Amendment.

COMPLAINT FOR DAMAGES - 9

BURKE LAW OFFICES, INC. PS
612 SOUTH 227TH STREET
DES MOINES, WASHINGTON 98198

(206) 824-5630
Fax: (206) 824-9096

32. The acts and omissions of the Defendants, and each of them, are a violation of Plaintiff's constitutional rights and privileges under color of state law, contrary to 42 USC 1983.

## 9. FOURTH CAUSE OF ACTION: VIOLATION OF JASON'S STATUTORY RIGHTS UNDER COLOR OF STATE LAW.

33. Although over the age of 18 years, Jason was developmentally disabled due his profound autism, functioning at a 3 year old level and receiving DSHS support and care services. The Defendants were aware, or reasonably should have been aware, of Jason's special needs and requirements for care. DSHS reviewed and approved the adequacy of in-home care for Jason and trained, licensed and provided caregivers to assist in his care.

34. The acts and omissions of the Defendants, and each of them, herein are more than ordinary negligence under the circumstances, amounting to deliberate or reckless indifference and shock the conscience. Defendants have violated Jason's statutory rights to appropriate treatment and services under the Developmental Disabilities Assistance and Bill of Rights Act, 42 USC 15001, et seq. Defendants, and each of them, failed to provide Jason with care that was free of abuse, neglect, of violations of legal and human rights and that subjects individuals with developmental disabilities to no greater risk of harm than others in the general population, contrary to 42 USC 15009(a).

35. The acts and omissions of the Defendants, and each of them, are a violation of Jason's federal statutory rights and privileges under color of state law, contrary to 42 USC 1983.

COMPLAINT FOR DAMAGES - 10

## 10. FIFTH CAUSE OF ACTION: NEGLECT OR ABUSE OF VULNERABLE ADULT

36. Jason was a legally incompetent adult as defined by RCW 7.70.065 and a vulnerable adult as defined by RCW 74.34.020(17)(c) and RCW 71A.10.020.

37. The Plaintiff had agreed with the Defendants for respite services regarding Jason's care as defined by RCW 71A.10.020. The Defendants, and each of them, were under an affirmative duty to provide Jason with safe and adequate care and to protect him when he was unable to care for himself.

38. The Defendants negligently or recklessly failed to supervise and/or provide personal care services, including medical care, to Jason.

39. The Defendants acts and omissions were the proximate cause of the injury and death of Jason. The Plaintiff has been injured by the negligence of the Defendant.

## 11. SIXTH CAUSE OF ACTION: BREACH OF DUTY OF CARE IN SPECIAL RELATIONSHIP

40. Because of the dependent and protective nature of the relationship between Jason and the Defendants, and each of them, the Defendants owed a duty of care to Jason to provide adequate services and to protect him from the wrongful acts of others. The acts and omissions of the Defendants herein breached the duty of care, proximately causing damage to Jason and Plaintiff.

## 12. SEVENTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

COMPLAINT FOR DAMAGES - 11

41. The Defendants, and each of them, owed Plaintiff a duty to use reasonable care to avoid the inadvertent infliction of emotional distress. The Defendant's acts and omissions resulting in Jason's death breached the duty of care to Plaintiff, proximately causing her severe emotional distress, pain and suffering. As Jason's mother, Plaintiff is a family member who may recover for emotional distress caused by being the person first observing that Jason was severely injured or dead at the scene, immediately after its occurrence and before there was a substantial change in the Jason's condition or location. The acts and omissions of the Defendants herein breached the duty of care, proximately causing damage to Plaintiff.

## 13. DAMAGES

42. As a result of the acts and omissions of the Defendants, and each of them, the Plaintiff and Jason and his estate incurred damages including but not limited to: expenses for counseling and medication for Plaintiff; for physical injury, suffering and death of Jason; and for funeral expenses, the Plaintiff's loss of consortium and emotional distress. Under RCW 74.34.200, the estate is entitled to recover any costs associated with the suit, including costs of litigation, experts, and reasonable attorney's fees.

## 14. JURY DEMAND

43. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury for all issues so triable.

WHEREFORE, Plaintiffs pray for judgment against the Defendant in an amount that will fully and fairly compensate Plaintiff, individually and as the representative of the Estate

COMPLAINT FOR DAMAGES - 12

of Jason Yates for all damages sustained, costs, expenses of litigation and reasonable attorney's fees, pre-judgment interest, calculated at the maximum rate allowed by the law and other relief permitted by the laws of the United States and the State of Washington, as well as such other and further relief that the court deems just.

DATED this 15 day of October, 2014

_____
Thomas G. Burke, WSBA # 6657
Attorney for the Plaintiff
Burke Law Offices, Inc., P.S.
612 South 227th Street
Des Moines, WA 98198
(206) 824-5630
Fax: (206) 824-9096
T_G_Burke@burkelawoffices.net

COMPLAINT FOR DAMAGES - 13

VERIFICATION

THE UNDERSIGNED, Illene Walker, hereby declares and certifies under penalty of perjury of the laws of the State of Washington that: (1) she is the plaintiff herein, (2) that she has read the foregoing Complaint, knows the contents thereof, and (3) believes them to be true to the best of her knowledge and belief.

Signed this 14th day of October, 2014 in Tacoma, Washington.

By: _____
Illene Walker, Plaintiff

COMPLAINT FOR DAMAGES - 14